IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JEFFREY WADE GOSS | § |  |
| --- | --- | --- |
|  | § |  |
| Petitioner, | § |  |
|  | § |  |
| VS. | § |  |
|  | § | NO. 3-08-CV-0174-G |
| NATHANIEL QUARTERMAN, Director | § |  |
| Texas Department of Criminal Justice, | § |  |
| Correctional Institutions Division | § |  |
|  | § |  |
| Respondent. | § |  |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jeffrey Wade Goss, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

A jury convicted petitioner of aggravated assault with a deadly weapon and sentenced him to five years confinement. His conviction and sentence were affirmed on direct appeal. *Goss v. State*, No. 05-05-00463-CR, 2006 WL 874283 (Tex. App.--Dallas, Apr. 6, 2006, pet. dism'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Goss*, WR-59,901-02 (Tex. Crim. App. Sept. 12, 2007). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) the indictment was defective; (2) the prosecutor violated a pretrial agreement by presenting certain evidence at trial; and (3) he received ineffective assistance of counsel.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on May 8, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to five years in prison for aggravated assault with a deadly weapon. The court of appeals affirmed his conviction on April 6, 2006. A petition for discretionary review was dismissed as untimely by the Texas Court of Criminal Appeals.[1] Therefore, petitioner's conviction became final 30 days after the state appeals court rendered its judgment, or on May 8, 2006.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner filed an application for state post-conviction relief on April 12, 2007. The application was denied on September 12, 2007. Petitioner filed the instant case in federal district court on January 29, 2008.

The statute of limitations started to run on May 8, 2006, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from April 12, 2007 until September 12, 2007, a total of 154 days, while a properly filed application for post-conviction relief was pending in state court. *Id.* § 2244(d)(2). Even allowing for this tolling period, petitioner still waited more than one year to file his federal writ. In an attempt to avoid the dismissal of his case on limitations grounds, petitioner argues that the AEDPA statute of limitations did not begin to run until October 18, 2006--the date the court of appeals issued its mandate. However, in *Roberts*, the Fifth Circuit held that "the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A)." *Roberts*, 319 F.3d at 695. Rather, the operative date for limitations purposes is the expiration of the deadline for filing a PDR. *Id.* at 694-95. *See also Flores*

---

[1] Petitioner filed a petition for discretionary review, or "PDR," on August 9, 2006--more than 30 days after the court of appeals affirmed his conviction. As a result, the PDR was dismissed as untimely. *Goss v. State*, PD-1189-06 (Tex. Crim. App. Sept. 21, 2006); *see also* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). Had petitioner sought leave to file an out-of-time PDR within a year after his conviction became final, the AEDPA limitations period would have been tolled "until the date on which the Court of Criminal Appeals declines to grant further relief[.]" *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 124 S.Ct. 2099 (2004).

[2] Because the 30th day after the court of appeals decision fell on Saturday, May 6, 2006, petitioner had until the following Monday, May 8, 2006, to file a PDR. *See* TEX. R. APP. P. 4.1(a).

*v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 2909 (2007). Nor is petitioner entitled to equitable tolling because he mistakenly believed that the limitations clock did not start to run until the mandate issued. *See id.* at 486-87 (prisoner, who believed that his conviction was not final until court of appeals issued its mandate, was not entitled to equitable tolling). Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed on limitations grounds.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE